1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8

John Tafoya,                          )        Case No. CV 06-389-PCT-FJM (JM)
9                                     )
        Petitioner,                   )        **REPORT AND RECOMMENDATION**
10                                    )
v.                                    )
11                                    )
Mary Hennesy, et al.,                 )
12                                    )
        Respondents.                  )
13 _____)

14         Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus

15 [Docket No. 5] filed under 28 U.S.C. §2254.  In accordance with the Rules of Practice of the

16 United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter

17 was referred to the Magistrate Judge for report and recommendation.  As explained below,

18 the Magistrate Judge recommends that the District Court, after an independent review of the

19 record, deny and dismiss the Petition with prejudice.

20 **I.    FACTUAL AND PROCEDURAL BACKGROUND**

21         On March 6, 2001, Petitioner was charged in case number CR 2001-0185 with one

22 felony count of sale of a dangerous drug (methamphetamine) in Navajo County, Arizona.

23 (Ex. A.)  A jury found Petitioner guilty of the charge on November 6, 2002.  (Ex. B.)  On

24 December 3, 2002, the trial court suspended imposition of sentence and placed Petitioner on

25 intensive probation for a term of 5 years.  (Ex. C, Ex. D.)

26         On December 13, 2002, Petitioner was charged by Information in case number CR

27 2002-0721 with 6 counts of use of a dangerous drug (methamphetamine).  (Ex. E.)  By

28

1   Petition dated January 13, 2003,[1] the State sought to revoke probation in CR 2001-0185.

2   (Ex. F.)

3       On May 27, 2003, Petitioner entered into a plea agreement that provided he would

4   plead guilty to one of the new charges in CR 2002-0721 and admit that he violated probation

5   in CR 2001-0185. (Ex. H.) In exchange, the State: (1) would dismiss all remaining charges

6   in CR 2002-0721; (2) would not file substantive charges stemming from the January 13,

7   2003, petition to revoke; and (3) would not allege that Petitioner committed his new offense

8   while on probation and felony release. (*Id.*) At his change of plea hearing on May 27, 2003,

9   Petitioner waived his constitutional rights and pled guilty to the new charge and admitted to

10  the probation violation. (Ex. I, at 1-14; Ex. J.) However, the sentencing agreement was

11  rejected because the trial court believed that Petitioner had not been given adequate time to

12  obtain drug treatment after he was placed on probation, a fact the court saw as "something

13  unfair." (Ex. I, at pp. 14-16.) The prosecutor explained that Petitioner had been placed on

14  probation prior to his 2001 case and failed to go to treatment as directed. (*Id*. at 16-17.) The

15  court declined to accept the plea, suggesting that the prosecutor "try it out on another Judge."

16  (*Id*. at 17.)

17      On July 16, 2003, a different judge of the superior court accepted the agreement and

18  set the matter for sentencing. (Ex. K, Ex. L.) On July 30, 2003, the trial court sentenced

19  Petitioner to an aggravated 7 year term of imprisonment for the probation violation, and to

20  a concurrent 3 year term of imprisonment for the new drug charge. (Ex. P., Ex. Q, Ex. R.)

21      Petitioner, through counsel, filed a post-conviction relief ("PCR") petition on April

22  9, 2004, claiming ineffective assistance of counsel at sentencing. (Ex. U.) The trial court

23  denied the petition on June 15, 2004. (Ex. W.) On July 15, 2004, Petitioner filed a petition

24  for review in the Arizona Court of Appeals based solely on the then-recent case, *Blakely v.*

25  *Washington*, 542 U.S. 296 (2004). (Ex. X.) On June 17, 2005, the Arizona Court of Appeals

26

27      [1]The Petition is actually dated January 13, 2002, but refers to Petitioner's December 2002 conviction. As such, the date reflected on the petition clearly should have been 2003. (Ex.

28  F.)

1   issued an order stating that the petition for review did not address any of the issues raised in

2   the PCR petition and the "those claims have been waived for further review."  (Ex. Y.)

3   Nevertheless, the Appeals Court stayed the petition for review and revested jurisdiction in

4   the trial court to permit the Petitioner to present his *Blakely* claim to the trial court.  (*Id.*)

5          On July 5, 2005, Petitioner filed a PCR petition limited to a *Blakely* issue.  (Ex. Z.)

6   On August 16, 2005, the trial court denied the petition without a written analysis of the

7   *Blakely* claim. (Ex. BB.)  On September 12, 2005, Petitioner's counsel moved to withdraw

8   from representation, stating "counsel finds no ground on which to base a Petition for

9   Review." (Ex. CC.)  Counsel requested that Petitioner be given an extension of time to file

10  a *pro per* Petition for Review.  (*Id*.)  The trial court allowed counsel to withdraw and gave

11  Petitioner until October 21, 2005, to file a petition for review.  (Ex. DD.)

12         On October 26, 2005, Petitioner filed a "motion for special action review," which was

13  dated October 17, 2005, and which raised his *Blakely* claim.  (Ex. EE.)  The Arizona Court

14  of Appeals treated the motion "as a timely supplemental petition for review." (Ex. FF.)  The

15  court denied the petition without analysis on November 10, 2005.  (Ex. GG.)

16         On December 30, 2005, Petitioner filed a "petition for special action by prisoner" in

17  the trial court, again raising a *Blakely* claim.  (Ex. HH.)  On January 6, 2006, the trial court

18  ruled that Petitioner's new action was not a special action under the Arizona Rules of

19  Procedure for Special Actions, but rather an attempt to seek a rehearing or review of the PCR

20  petition denied on August 26, 2005.  (Ex. II.)  The court denied the motion for rehearing as

21  untimely.  (*Id.)*

22         The instant petition was filed on February 3, 2006, and amended on April 5, 2006.

23  *Docket Nos. 1 &* .  In addition to his *Blakely* claim, Petitioner has raised a number of claims

24  of ineffective assistance of counsel.

25  **II.    LEGAL DISCUSSION**

26         **A.    Exhaustion of State Remedies**

27         With the exception of the *Blakely* claim, Respondents contend that Petitioner failed

28  to exhaust any of his claims in state court.  A state prisoner must exhaust the available state

1    remedies before a federal court may consider the merits of his habeas corpus petition. *See*

2    28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion

3    occurs either when a claim has been fairly presented to the highest state court, *Picard v.*

4    *Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally

5    defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984).

6    　　　Exhaustion requires that a habeas petitioner present the substance of his claims to the

7    state courts in order to give them a "fair opportunity to act" upon these claims. *See*

8    *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). A claim has been "fairly presented" if the

9    petitioner has described the operative facts and legal theories on which the claim is based.

10   *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir.

11   1995). The operative facts must be presented in the appropriate context to satisfy the

12   exhaustion requirement. The fair presentation requirement is not satisfied, for example,

13   when a claim is presented in state court in a procedural context in which its merits will not

14   be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351, 109 S.Ct.

15   at 1060. An exact correlation of the claims in both state and federal court is not required.

16   *Rice,* 44 F.3d at 1403. The substance of the federal claim must have been fairly presented

17   to the state courts. *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

18   　　　A petitioner may also exhaust his claims by either showing that a state court found his

19   claims defaulted on procedural grounds or, if he never presented his claims in any forum, that

20   no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.

21   1982). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the

22   claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction

23   relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then

24   present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008,

25   1010 (9th Cir. 1999).[2]

26

27   　　　[2]Respondents also contend that *Swoopes* is no longer good law and that under *Baldwin*

28   *v. Reese*, 541 U.S. 27, 29 (2004), Petitioner was also required to petition the Arizona

1   Additionally, fair presentation requires that a petitioner describe both the operative

2   facts and the federal legal theory underlying his claims.  *Reese*, 541 U.S. at 28.  General

3   appeals to broad constitutional principles, such as due process, equal protection, and the right

4   to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim,

5   *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds,* 247 F.3d

6   904 (9th Cir. 2001), and a mere reference to the "Constitution of the United States" does not

7   preserve a federal claim.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  As the Ninth

8   Circuit has explained, "a petitioner fairly and fully presents a claim to the state court for

9   purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper

10  forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis

11  for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations

12  omitted).

13  As Respondents note, after Petitioner's first PCR petition was denied, counsel filed

14  a petition for review in the Arizona Court of Appeals that raised solely a Sixth Amendment

15  jury trial claim pursuant to *Blakely*.  (Ex. X.)  The court of appeals remanded, directing

16  Petitioner to present the *Blakely* claim to the trial court in the first instance.  (Ex. Y.)

17  Additionally, the court specifically found that any other claims "have been waived for further

18  review."  (*Id*.)  After the trial court denied Petitioner's new PCR petition raising a *Blakely*

19  claim, Petitioner filed a motion for special action review, " which the Arizona Court of

20  Appeals treated as a petition for review.  (Ex. EE, Ex. FF.)  Petitioner limited his

21  motion/petition to his *Blakely* claim.  (Ex. EE.)  After the court of appeal denied the

22  motion/petition, Petitioner tried to re-urge the *Blakely* issue in the trial court via a "special

23  action."  (Ex. GG, Ex. HH.)  The trial court treated the "special action" as a motion for

24

25  _____

26  Supreme Court to review his claims.  This argument has been addressed and rejected a
    number of times in this district and Respondents note that the argument is made primarily to

27  preserve the issue for further appellate review.  In any case, the Ninth Circuit has recognized
    that *Swoopes* survived the *Baldwin* decision.  *See Castillo v. McFadden*, 399 F.3d 993, 998

28  (9th Cir. 2005).

1    rehearing and denied it as time-barred.  (Ex. II.)

2            Petitioner has not disputed this rendition of events and has not argued that he has not

3    defaulted on these claims or that any of the claims would support the filing of a successive

4    PCR petition under Rule 32.2(b), Ariz.R.Crim.P.  Likewise, the Court cannot find mention

5    of these claims in the state courts of appeal pleadings or an explanation in the state court of

6    any reason why he would be excused from the timeliness requirement of Rule 32.2(b).

7    Because Petitioner did not present any claims other than his *Blakely* claim to the Arizona

8    courts, those claims are procedurally defaulted and barred from federal review.

9    Ariz.R.Crim.P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  As

10   such, the merits of the claims need not be addressed unless Petitioner establishes cause and

11   prejudice or that a fundamental miscarriage of justice has occurred.  Petitioner has not

12   attempted to do so, and the Court recommends that each of Petitioner's non-exhausted claims

13   be denied.

14           **C.      Merits**

15           Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any

16   claim that was adjudicated on the merits in State court proceedings" unless the state decision

17   was (1) contrary to, or an unreasonable application of, clearly established federal law as

18   determined by the United States Supreme Court; or (2) based on an unreasonable

19   determination of the facts in light of the evidence presented in the State court proceeding.

20   28 U.S.C. § 2254(d).  *See Williams v. Taylor*, 120 S.Ct. 1495 (2000).  A state court's decision

21   can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority,

22   or (2) if it applies the controlling authority to a case involving facts "materially

23   indistinguishable" from those in a controlling case, but nonetheless reaches a different result.

24   *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000).  In determining whether a state

25   court decision is contrary to federal law, the court must examine the last reasoned decision

26   of a state court and the basis of the state court's judgment.  *Packer v. Hill*, 277 F.3d 1092,

27   1101 (9th Cir. 2002).  A state court's decision can be an unreasonable application of federal

28   law either (1) if it correctly identifies the governing legal principle but applies it to a new set

1   of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a

2   clearly established legal principle to a new context in a way that is objectively unreasonable.

3   *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

4          In the only exhausted claim contained in the petition, Petitioner asserts that the

5   imposition of an aggravated sentence based upon judicial factual findings was a violation of

6   his rights under *Blakely*.  Respondents contend that Petitioner's conviction was final when

7   *Blakely* was decided and that he is not entitled to retroactive application of the decision.

8   Additionally, Respondents assert that even if *Blakely* is applied to Petitioner's sentences, he

9   could not prevail.  As explained below, contrary to Respondents' contention, Petitioner's

10  conviction was not yet final when *Blakely* was decided.  Nevertheless, as the State courts

11  determined, *Blakely* provides no basis for habeas relief.

12         To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court

13  must first determine the date on which Petitioner's conviction became "final by conclusion

14  of direct review."  28 U.S.C. § 2244(d)(1)(A).  In making this determination, it is significant

15  that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.

16  A.R.S. § 13-4033(B); Ariz.R.Crim.P. 17.1(e).  Petitioner, however, retained the right to seek

17  review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32.  Ariz.R.Crim.P. 32.1, 32.4.

18         In *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007), the Ninth Circuit addressed the

19  question of when the conviction of a pleading defendant in Arizona becomes "final by the

20  conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1).  The court held that an

21  "'of-right proceeding,'available under Arizona Rule of Criminal Procedure 32 to criminal

22  defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. §

23  2244(d)(1)," *id*. at 711, and explained that "[b]ecause a Rule 32 of-right proceeding is a form

24  of direct review, AEDPA's one-year statute of limitations does not begin to run until the

25  conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the

26  expiration of the time for seeking such proceeding or review." *Id*.

27         Under *Summers*, because Petitioner pleaded guilty, his conviction became final upon

28  "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon]

the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711.  Here, Petitioner was sentenced on July 30, 2003. (Ex. O; Ex. P; Ex. Q; Ex. R.)  Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.") Petitioner timely filed a notice of post-conviction review on or about August 6, 2003. (Ex. S.) After the Arizona Court of Appeals remanded Petitioner's *Blakely* claim, the trial court dismissed the PCR petition on August 26, 2005.  (Ex. BB.)  Petitioner then sought appellate review and by order dated November 10, 2005, the Court of Appeals denied Petitioner's petition for review.   (Ex. FF.)   Because Petitioner did not seek review by the Arizona Supreme Court of the order denying his Rule-32 petition, his judgment became final on the date that deadline expired, December 10, 2005. *Summers*, 418 F.3d at 711; Ariz.R.Crim.P. 32.9(c).  As such, Petitioner's conviction was not final when *Blakely* was decided in June 2004.

Turning to the merits of the claim, Respondents argue that *Blakely* does not apply to Petitioner's sentences because prior convictions are exempt from the Sixth Amendment's jury trial requirement.  Petitioner did not reply to this contention, but the Court in deciding *Blakely* made it clear that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *United States v. Thomas*, 447 F.3d 1191, 1200 (9th Cir.  2006).  Thus, by its express terms, *Blakely* does not apply to the fact of a prior conviction.

Further, it is unclear how Petitioner's sentence exceeds the maximum authorized by the statutes pursuant to which he entered his guilty plea.  Petitioner plead guilty to the use of dangerous drugs, a class 4 felony, in violation of A.R.S. § 13-3407(A)(1), and to the sale

1  of a dangerous drug, a class 2 felony, in violation of A.R.S. § 13-3407(A)(7).  (Ex. H.)  As

2  reflected in the Petitioner's plea agreement, the presumptive sentence for a class 4 felony is

3  2.5 years, and the presumptive sentence for a class 2 felony is 5 years.  A.R.S. § 13-701(c).

4  However, as reflected in the plea agreement, the maximum sentences were 3 years for a class

5  4 felony, and 10 years for a class 2 felony.  (Ex. H.)  Petitioner was sentenced to a term of

6  7 years for the class 2 felony and a concurrent term of 3 years for the class 4 felony.  (Ex. R.)

7  Petitioner has not alleged specific facts that show how or why the sentences imposed

8  exceeded these maximums.

9  **III.  CONCLUSION**

10       As explained above, the Magistrate Judge finds that Petitioner's claims, with the

11  exception of his *Blakely* claim, fail because Petitioner did not timely raise the claims before

12  the appropriate Arizona State courts and has not established cause or prejudice in relation to

13  those claims.  Additionally, the Magistrate Judge cannot say that the Arizona courts decisions

14  denying Petitioner's *Blakely* claim were contrary to or an unreasonable application of

15  Supreme Court law.  Accordingly, Petitioner is not entitled to relief and his claims must be

16  denied.

17  **IV.  RECOMMENDATION**

18       Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District

19  Court, after its independent review, **deny** Petitioner's Amended Petition for Writ of Habeas

20  Corpus [Docket No. 5].

21       This Recommendation is not an order that is immediately appealable to the Ninth

22  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

23  Appellate Procedure, should not be filed until entry of the District Court's judgment.

24       However, the parties shall have ten (10) days from the date of service of a copy of this

25  recommendation within which to file specific written objections with the District Court. *See*

26  28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

27  Thereafter, the parties have ten (10) days within which to file a response to the objections.

28  If any objections are filed, this action should be designated case number: **CV 06-389-PCT-**

1    **FJM**.  Failure to timely file objections to any factual or legal determination of the Magistrate

2    Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

3    *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

4    DATED this 8th day of August, 2008.

Jacqueline Marshall
United States Magistrate Judge

- 10 -